WARD, Judge.
The State filed a bill of information against Louis Cook, charging him with five counts of armed robbery. A jury found him guilty as charged on four of the counts. The Trial Judge sentenced Cook to five years imprisonment at hard labor without probation, parole or suspension of sentence on each count, the sentences to run consecutively.
Although he was charged with two other men and tried with one co-defendant, Cook is the only defendant who filed a motion for appeal which was granted and is therefore the only appellant in this case. Cook appeals his conviction, arguing that the Trial Court erred by denying his oral motion for mistrial based on the State’s failure to disclose exculpatory fingerprint evidence until the end of the first day of trial. Rather than moving for a mistrial, the defense apparently only objected to the admission of the fingerprint evidence. The Trial Judge overruled the objection, determining the evidence was favorable to Cook. Finding no merit in Cook’s assigned error, we affirm.
On the night of July 26, 1982 Cook and others robbed at gunpoint several employees at New Orleans East convenience stores. After receiving a radio broadcast describing three suspects, police officers drove to a convenience store in the area of the robberies where they saw three black males matching the broadcast description. The officers saw two of the men exiting the store while one of the men remained in a car. After arresting the three men, the officers seized a gun, a purple grocery bag containing money, a brown bag and a sun-visor from the car. The officers then transported the men to the various robbery locations for on-scene identifications by the victims.
One of the victims at the first store, Robert Thibodeaux, positively identified Cook at trial as the man who robbed him. Thibodeaux testified that after some hesitation, he had identified Cook at the on-scene identification. The police officer who conducted the on-scene identification, however, testified that Thibodeaux had not positively identify Cook at that time. Clores-tine Russel, another victim at this store, positively identified Cook at trial as one of the robbers and testified that she had also identified him at the on-scene identification as the robber holding the gun. The officer who conducted the on-scene identification verified her testimony.
The victim at the second store, Deborah Harvey, and her co-employee, Patricia Grant, identified Cook at trial and testified that they had also identified him following the robbery. A police officer confirmed both of their on-scene identifications.
Dolores Oustelet, a victim at the third store, identified Cook as the gunman who robbed her and as the man she had identified at the scene. A police officer confirmed her positive identification.
Prior to trial Cook filed a bill of particulars asking the State whether it possessed any evidence that was submitted for scientific testing or examination, or any evidence materially favorable to him, or any *990 reports prepared after scientific testing. The State replied “No” to these inquiries.
At the end of the first day of trial, a police officer testified that he collected fingerprints from the interior and exterior of the automobile used by Cook and the other suspects. The fingerprints lifted from the car did not match Cook’s fingerprints. Before trial resumed the following day, Cook’s attorney objected to the admission of the fingerprint evidence because she was unaware the evidence existed. The Trial Judge admitted the fingerprints into evidence, ruling the evidence was helpful, not prejudicial, to Cook.
The State is obligated to disclose exculpatory evidence which is both favorable to the accused and material to his guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). If favorable evidence is withheld, a defendant’s conviction must be reversed if there is a “reasonable probability” that the outcome of the proceeding would have been different had the evidence been disclosed. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).
Evidence that fingerprints lifted from a getaway car did not match a defendant’s prints is favorable to the defendant and, in certain situations, may be material to his guilt. Although the State should have been aware of the fingerprint test and should have revealed the results to Cook in response to his bill of particulars, the fingerprint evidence was given to the jury during trial, and Cook was given the benefit of this evidence if it was exculpatory. Hence, this case involves a matter of late disclosure of evidence instead of a Brady question of suppression of favorable evidence, and this Court must therefore determine whether the late disclosure so prejudiced Cook that he was denied a fair trial. State v. Smith, 430 So.2d 31 (La.1983).
Cook argues the late disclosure of the fingerprint evidence prejudiced his defense because he “may have chosen” to subpoena Tyronne Pierre, one of the men indicted with him who had earlier pleaded guilty, to testify at trial. Cook claims that his defense was misidentification and that he was not with Pierre or in the car where the physical evidence was found. The testimony of several victims refutes this claim. Moreover, Cook fails to explain why, if this was his defense, he did not subpoena Pierre to testify regardless of the fingerprint evidence, or why he did not move for a continuance to get Pierre’s testimony. Cook simply has not shown he suffered prejudice and was denied a right to a fair trial.
Furthermore, the evidence against Cook was overwhelming. Five employees made positive identifications of Cook. Cook was arrested at another convenience store, close to the scene of the last robbery that evening. His clothing and physical description matched the victims' reports. The officers found the gun, purple bag, and sun-visor described by the victims in the car in which the officers saw Cook.
Accordingly, we find no error in the Trial Judge’s denial of Cook’s motion to exclude the fingerprint evidence. Cook’s conviction is affirmed.
AFFIRMED.